Mr. William F. Smith III City Attorney City of Russellville 209 West 2nd Street Russellville, AR 72811
Dear Mr. Smith:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B), for an opinion on whether the decision of the Russellville Chief of Police to release records that are part of a police officer's personnel file is consistent with the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §§ 25-19-101 to -109 (Repl. 2002 and Supp. 2005). Specifically, you have asked:
 [T]he Chief is requesting an opinion from the Attorney General's Office on whether his decision to release the records is consistent with FOIA. If not, should all or just parts of the file be redacted and then released? Would an FOIA inquiry concerning the harassment of citizens require the release of the specific material sent to you by the Chief?
Your request is a follow-up to Attorney General Opinion 2006-158, which was recently released in response to a request from Chief of Police Bacon concerning these records. As I noted in that opinion, the records involve a particular complaint that led to the officer's suspension and they primarily document the complaint and internal investigation of the matter. Because it was not clear from Chief Bacon's request whether a decision had actually been made to release the records, that opinion was limited to the Chief's apparent concern whether he had properly identified this material in response to the particular FOIA request, which sought complaints concerning excessive use of force or harassment. See Op. Att'y Gen. 2006-158. I declined to opine whether the records were responsive to the FOIA request, on the basis that such a matter is not within the scope of my statutory duties under A.C.A. § 25-19-105(c)(3)(B). You have now clarified that the Chief "determined [the file] to be releasable" and you state that "[t]he police officer whose records are being released has challenged the Chief's decision to release his records."
RESPONSE
I must initially reiterate that I cannot opine on the question whether the specific material you have submitted is responsive to the FOIA request that was made in this particular case. Your third question, recited above, essentially repeats that inquiry. I refer you to Op. 2006-158 for the explanation why I am unable to address that matter.
With regard to the Chief's decision to grant the request in full and release the records in the file with no redactions, I find this decision to be is inconsistent with the FOIA. While I can state that in my opinion the vast majority of the records are subject to release, I believe certain redactions must be made prior to the records' release.[1] The redactions are addressed below. I have also identified one record that may not have formed a basis for the suspension decision, and that consequently may not meet the test for the release of evaluation/job performance records discussed in my previous opinion. Finally, I note the possibility that certain records may constitute evaluations or job performance records of other employees, the test for the release of which may not have been met. This potential unresolved factual question must be resolved applying the test set out below.
Redactions
Certain statements in the "Internal Investigation" document and the September 19, 2005, interview of "DB" should be redacted, in my opinion, based on the constitutional right of privacy, discussed in Op. 2006-158 — specifically, the sentences on page 33 of the Internal Investigation beginning with "He goes" and ending with "happened" and the following sentences in the September 19 interview: p. 31 — "And when . . . okay[;]" p. 32 — "And within . . . toilet.[;]" p. 37 — "And if I told you something. . . ." The reference to a private family matter ("Internal Investigation" at 16) should similarly be redacted on this basis, in my opinion.
Employee Evaluation/Job Performance Records
It is possible that the test for the release of employee evaluation or job performance records, discussed in Op. 2006-158, has not been met with respect to the September 15, 2005 memorandum to Officer Bevis. It appears that this record constitutes a job performance record, and although it seems there has been a final resolution of the suspension (see n. 1, supra), I am uncertain whether this record "formed a basis" for that decision so as to be subject to release under A.C.A. §25-19-105(c)(1). Additionally, it appears that the internal investigation may have involved another officer and I have no information regarding any disciplinary action concerning that employee. It is a fact question whether any of the records in the file were created in the course of an investigative inquiry into that officer's performance on the job. See, e.g., Op. Att'y Gen.2001-191. I note in particular a memorandum dated November 11, 2005, that recounts an interview with the officer. If this, or any other records in the file, were created at the behest of the supervisor in the course of investigating the complaint and there has been no suspension or termination decision as to that officer, then any such records are exempt from disclosure in accordance with the test laid down in A.C.A. § 25-19-105(c)(1). See generally Op. 2006-158 at n. 1.
With the exception of the above redactions and potentially exempt records, I believe the file is subject to release. Although some of the records constitute personnel records under the FOIA, in my opinion release of the records would not constitute of a "clearly unwarranted invasion of [the employee's] personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2005). With regard to the existence of a "compelling public interest in disclosure" (id. at (c)(1)), it is my opinion that the nature of the problem that led to the suspension compels disclosure in this instance, where it was determined that the conduct violated departmental policies and standards of conduct. Cf. Op. Att'y Gen. 2006-106 (opining that the custodian properly decided to release internal investigation records that reflected a violation of departmental rules by a "cop on the beat" in his interactions with the public).
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] I assume, based on the Chief's decision to release the file, that there has been a final administrative resolution of the suspension proceeding. This part of the test for the release of employee evaluation/job performance has therefore presumably been met. See A.C.A. § 25-19-105(c)(1).